IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-355-RJC-DCK

| | |
|---|---|
| RICHARD A. CAPELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| NC DIVISION OF VOCATIONAL ) | |
| REHABILITATION SERVICES, PAMELA ) | |
| LLOYD-OGOKE, M. TERRY HODGES, ) | |
| CHARLOTTE-MECKLENBURG HOSPITAL ) | |
| AUTHORITY d/b/a CAROLINAS MEDICAL ) | |
| CENTER, CINDY BOBAY, CHARLOTTE ) | |
| MECKLENBURG POLICE DEPARTMENT, ) | |
| and KEITH A. SMITH, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Default Ruling, Against Parker & Poe And Scott S. Addison" (Document No. 51) filed February 9, 2011. Scott S. Addison ("Addison") and Parker Poe Adams & Bernstein LLP ("Parker Poe") filed their "Response To Motion For Default Ruling" (Document No. 54) on February 25, 2011. Plaintiff has not filed a reply brief, or notice of an intent not to file a reply brief, and the time do so has lapsed.[1]

This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

---

[1] "The filing of a reply brief is not mandatory. . . . If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice." Local Rule 7.1(E).

First, the undersigned notes that Plaintiff's "Motion For Default Ruling..." (Document No. 51) violates the Local Rules of this district which require in most instances that a brief "shall be filed contemporaneously with the motion." Local Rule 7.1(C). Plaintiff failed to file a brief contemporaneously with his motion, and has since failed to file any reply brief. Moreover, the motion itself is about twelve (12) lines long and thus provides scant explanation or support for the relief Plaintiff seeks. On this basis alone, denial of the motion is probably appropriate.

Liberally construing the motion in the light most favorable to this *pro se* Plaintiff, he appears to seek an entry of default judgment against Addison and Parker Poe pursuant to Fed.R.Civ.P. 55. Plaintiff alleges that "these named defendants failed to reply to Judges Order to file a Responsive Pleading by January 12th 2011." (Document No. 51, p.1). After the review of this case's docket sheet, the undersigned observes that certain Defendants in this matter had moved for additional time to respond to "Amended Complaint #3" (Document No. 31), which was granted by the undersigned, up to and including January 12, 2011. (Document Nos. 35, 36, and 38). Those Orders did not specifically address whether or when Addison and/or Parker Poe were required to file responsive pleadings.

Mr. Addison and Parker Poe contend in their response to the motion for default that Plaintiff has never properly effected service on them, and therefore, the motion should be denied. (Document No. 54-1, p.1). Addison and Parker Poe rely on Fed.R.Civ.P. 4 to support their position that default is inappropriate. Rule 4 provides:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed.R.Civ.P. 4(c)(1).

Addison and Parker Poe deny ever receiving proper service of a summons and complaint. Moreover, there is no evidence or allegation by Plaintiff, or on the docket, that Addison or Parker Poe were properly served.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Default Ruling, Against Parker & Poe And Scott S. Addison" (Document No. 51) be **DENIED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendants, and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: March 21, 2011

_____
David C. Keesler
United States Magistrate Judge