**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:10-CV-355-RJC-DCK**

| | |
|---|---|
| **RICHARD A. CAPELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| **NC DIVISION OF VOCATIONAL** | ) |
| **REHABILITATION SERVICES, PAMELA** | ) |
| **LLOYD-OGOKE, M. TERRY HODGES,** | ) |
| **CHARLOTTE-MECKLENBURG HOSPITAL** | ) |
| **AUTHORITY d/b/a CAROLINAS MEDICAL** | ) |
| **CENTER, CINDY BOBAY, CHARLOTTE** | ) |
| **MECKLENBURG POLICE DEPARTMENT,** | ) |
| **and KEITH A. SMITH,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion Under 28 USC 1332, Federal Rules Of Civil Procedure 23 & 42 USC 1986" (Document No. 52) filed February 9, 2011. Defendants filed two responses (Document Nos. 55-56) to the motion, on February 25 and 28, 2011, respectively. Plaintiff filed an untimely reply on March 14, 2011. (Document No. 57). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will deny the motion.

Liberally construing the motion in the light most favorable to this *pro se* Plaintiff, he primarily appears to seek once again to amend his Complaint. (Document No. 52). Specifically, the instant motion attempts to add a cause of action pursuant to 42 U.S.C. § 1986; seems to seek class action certification; seeks an order that certain information be seized from the North Carolina Division of Vocational Rehabilitation Services and/or North Carolina Department of Health and

Human Services as evidence in a class action lawsuit; and requests the appointment of counsel pursuant to Fed.R.Civ.P. 23(g). (Document No. 52). Rule 23(g) provides that "[u]nless a statute provides otherwise, a court that certifies a class must appoint counsel."

This case currently has three motions to dismiss (Document Nos. 41-43) Plaintiff's "Amended Complaint #3" (Document No. 31) pending, which are subject to a "Memorandum & Recommendation" recently issued by the undersigned. Under the circumstances, the undersigned does not find that Plaintiff has persuasively shown that justice requires allowing further amendment to the Complaint in this action. See Fed.R.Civ.P. 15(a)(2).

In addition, to the extent Plaintiff now seeks to maintain a class action, the undersigned does not find that the instant motion adequately satisfies the requirements of Fed.R.Civ.P. 23, as recently discussed by this Court.

> Federal Rule of Civil Procedure 23 sets forth the requirements for certification of a class. Plaintiffs who propose to represent the class bear the burden of establishing that Rule 23 requirements are met. See General Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). As a threshold matter under Rule 23(a), Plaintiffs seeking to certify a class must demonstrate: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a); Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 423 (4th Cir. 2003).

Foster v. CEVA Freight, LLC, 3:10-CV-095-FDW-DCK, 2011 WL 334290 at *2 (W.D.N.C. Jan. 31, 2011).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion Under 28 USC 1332, Federal Rules Of Civil Procedure 23 & 42 USC 1986" (Document No. 52) be **DENIED**.

Signed: March 31, 2011

David C. Keesler
United States Magistrate Judge