# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:10-cv-355-RJC-DCK

| | | |
|---|---|---|
| **RICHARD A. CAPELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **NC DIVISION OF VOCATIONAL** | ) | |
| **REHABILITATION SERVICES,** | ) | |
| **PAMELA LLOYDE-OGOKE, M. TERRY** | ) | |
| **HODGES, CHARLOTTE-** | ) | |
| **MECKLENBURG HOSPITAL** | ) | |
| **AUTHORITY d/b/a CAROLINAS** | ) | |
| **MEDICAL CENTER, CINDY BOBAY and** | ) | |
| **KEITH A SMITH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on Defendant City of Charlotte, Charlotte-Mecklenburg Police Department's Motion to Dismiss (Doc. No. 41); Defendants Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas Medical Center and Cindy Bobay's Motion to Dismiss (Doc. No. 42); the Motion to Dismiss as to NC Department of Health and Human Services, M. Terry Hodges, NC Division of Vocational Rehabilitation, Pamela Lloyde-Ogoke, NC DOJ, Kathy J. Thomas, and Ray Cooper (Doc. No. 43); and the Magistrate Judge's Memorandum and Recommendation ("M&R") recommending that the above stated Motions to Dismiss be granted (Doc. No. 60). This matter also involves Plaintiff's Motion for Default Ruling Against Parker & Poe and Scott S. Addison (Doc. No. 51), Parker Poe's Response (Doc. No. 54), and the Magistrate Judge's M&R (Doc. No. 59) recommending denial of that motion. The Plaintiff has made timely objections (Doc. No. 63), which are now before the Court. After *de novo* review of the portions of the M&Rs to the which the Plaintiff objects, and taking all

well-pleaded allegations as true and in a light most favorable to the Plaintiff, this Court **GRANTS** all of the Defendants' Motions to Dismiss and **DENIES** the Plaintiff's Motion for Default Judgment for the reasons set forth herein.

## I.     FACTUAL BACKGROUND

Because neither party has objected to the Magistrate Judge's statement of factual and procedural background of this case, the Court adopts the facts as set forth in the M&Rs.

## II.     STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has reviewed of the Magistrate Judge's M&R.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan

Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993).[1]  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 563.  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

## III.    DISCUSSION

### 1)    Plaintiff's Motion for Default Ruling

The Magistrate Judge found that the Plaintiff's Motion for Default Ruling (Doc. No. 51) violated this district's Local Rules, and that there was no evidence that Addison and Parker Poe were properly served; therefore, he recommended denying this motion.  Plaintiff responds that he has "named Scott S. Addison as a defendant more than once" and argues that holding Plaintiff responsible for effecting proper service is "in my opinion 'OBSTRUCTING PROPER JUSTICE,' a way to force me to have to spend more money which I do not have."  (Doc. No. 63 at 2).  After reviewing the record in this case, the Court finds that the magistrate judge's findings of fact are supported by the record, and his conclusions of law are consistent with and supported

---

[1] Moreover, because this is a *pro se* Plaintiff, this Court construes the complaint liberally. See Spencer v. Earley, 278 Fed. Appx. 254, 260 (4th Cir. 2008) (holding that dismissal of a *pro se* Plaintiff's complaint for failure to state a valid claim is only appropriate when it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief).

by the law.  Accordingly, Plaintiff's Motion for Default Ruling is **DENIED**.

   2) <u>Defendants' Motions to Dismiss</u>

  The Plaintiff makes several objections to the M&R, all of which are insufficient to convince this Court that Defendants' Motions to Dismiss should be denied.

  **A.**  **42 U.S.C. § 1985 Claim**

  The M&R concluded that the plaintiff's claims brought pursuant to 42 U.S.C. § 1985, which prohibits conspiracies to interfere with civil rights, should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim that is plausible on its face. (Doc. No. 60); <u>see also</u>, <u>Iqbal</u>, 129 S. Ct. 1937, 1960 (2009), quoting <u>Twombly</u>, 550 U.S. at 570.  Neither the Plaintiff's Complaint nor his Objections to the M&R make specific mention of § 1985. However, the Plaintiff contends that his Fourteenth Amendment rights have been violated and the "[p]eople of the Hospital and all of the DEFENDANT LAWYERS all admit to communicating and conspiring against me "COLLECTIVELY."  (Doc. No. 63 at 12).

  As stated by the Magistrate Judge, the Fourth Circuit has "specifically rejected § 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." (Doc. No. 60 at 6), <u>quoting</u> <u>Simmons v. Poe</u>, 47 F.3d 1370, 1377 (4th Cir. 1995).  Even liberally construed, this Court finds that the Complaint does not allege that any of the parties conspired to violate Plaintiff's civil rights, and so the Magistrate Judge's recommendation that the Plaintiff's claims brought pursuant to § 1985 should be dismissed will be adopted.

  **B.**  **42 U.S.C. § 1983 Claim**

  The Magistrate Judge recommended that the Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 should also be dismissed because the Plaintiff did not allege a deprivation of any

right secured by the Constitution and laws, but instead alleged that his rights under the ADA had been violated. See (Doc. No. 60 at 7: M&R). The Plaintiff did not object to this conclusion. This Court is satisfied that there is no clear error on the face of the record and thus accepts the Magistrate's recommendation for the reasons stated therein. See (Doc. No. 60 at 7-9); see also, Diamond, 416 F.3d at 315.

C. **ADA Claim and State Law Claims**

Construing Plaintiff's Complaint liberally, the Magistrate Judge evaluated the claims as being brought pursuant to the ADA and thus alleging ADA violations by virtually all the Defendants as well as state law violations by some of the Defendants. To seek redress under Title II of the ADA, a plaintiff "must allege that (1) he has a disability; (2) he is otherwise qualified to receive the benefit of a public service, program, or activity; and (3) he was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of [h]is disability." Spencer v. Earley, 278 Fed. Appx. 254, 261 (4th Cir. 2008) (internal quotation omitted). The Court will address the Magistrate Judge's recommendations and Plaintiff's contentions regarding each Defendant to determine whether, viewed in the light most favorable to Plaintiff, Plaintiff has stated a plausible claim upon which relief may be granted.

1. *City of Charlotte, Charlotte-Mecklenburg Police Department*

The Magistrate Judge concluded that the Plaintiff has failed to plead sufficient facts to support a reasonable inference that the Charlotte-Mecklenburg Police Department (CMPD) violated his ADA rights and therefore recommended that CMPD's Motion to Dismiss be granted. The Plaintiff argues that the CMPD violated the ADA because its officers: (1) refused to listen to him or take a police report; (2) failed to follow their own policy and NC State

Service/Assistance Animal and Victim's Rights Laws; and (3) made allegedly improper inquiries as to the nature of his disability and regarding whether he had a NC State Service Animal Tag. (Doc. No. 60). These contentions do not overcome the fact that there is no plausible allegation that Plaintiff was discriminated against on the basis of his disability (the third requirement to state a claim under Title II of the ADA). Accordingly, the Court adopts the Magistrate Judge's recommendation that the CMPD's Motion to Dismiss be granted.

### 2. *NC Department of Health and Human Services*

The Magistrate Judge recommended the NC Department of Health and Human Services' (NCDHHS) Motion to Dismiss be granted, as the Plaintiff's Complaint fails to allege that he was discriminated against on the basis of his disability by the Defendant. (Doc. No. 60). The Plaintiff objects that N.C.G.S. 168-4.3 itself is in violation of the ADA because it imposes additional training requirements that appear to require some sort of professional trainer or training facility to sign off on the training. Regardless of this contention, there is still no allegation that the Plaintiff has been discriminated by the Defendant based on his disability – to the contrary, the record suggests that Plaintiff was not provided a North Carolina service animal registration simply because he is not a North Carolina resident – and so this Court adopts the M&R's recommendation to grant the NCDHHS' Motion to Dismiss.

### 3. *NC Division of Vocational Rehabilitation*

The M&R concluded that the Plaintiff fails to provide factual support allowing the Court to draw the reasonable inference that the NC Division of Vocational Rehabilitation (NCDVR) violated his rights under the ADA. Plaintiff argues that "[t]he NCDVR under the direction of the NCHHS has made rules to enforce the issuance of a State identification tag identifying that an animal is an assistance or service animal which violates Federal ADA and the 14th Amendment

US Constitution." (Doc. No. 63 at 2). This conclusory allegation does not amount to a plausible claim that the NCDVR has violated the Plaintiff's rights under the ADA or the Fourteenth Amendment, and so this Defendant's Motion to Dismiss is granted.

### 4. *NC DOJ*

The Magistrate Judge similarly recommended that the claims against the NC DOJ (presumably the North Carolina Department of Justice) be dismissed because the Plaintiff's Complaint fails to provide factual content to allow the Court to draw the reasonable inference that the Defendant is liable for violation of the Plaintiff's ADA rights. (Doc. No. 60). The Plaintiff does not appear to object to this recommendation; in light of this, and because there was no clear error in the Magistrate Judge's recommendation, the Court adopts the recommendation for the reasons stated therein.

### 5. *M. Terry Hodges, Pamela Lloyde-Ogoke, Kathy J. Thomas, Roy Cooper, and Cindy Bobay*

The M&R concluded that the Plaintiff failed to state any factual content to support his claim that his ADA rights were violated by M. Terry Hodges. The Plaintiff's Objections do not address the Magistrate Judge's conclusions regarding the claims against this Defendant, and the Court finds that the claims against this Defendant should be dismissed for the reasons stated by the Magistrate Judge. See (Doc. No. 60 at 15).

The Magistrate Judge found that the claim against Pamela Lloyde-Ogoke was without merit because Plaintiff's only allegation against Lloyde-Ogoke was that she confirmed Plaintiff's conversation with Hodges in her official capacity using her state government email account. In regards to this Defendant, the Plaintiff only contends: "I sent documentation that NCDVRS and NCDHHS reviewed and I was assured by PAMELA LLOYDE-OGOKE via her State email, that

I should have no problems with my Service Animals while I am in the State of NC. Now I have many many problems." (Doc. No. 63 at 10). Even assuming this to be true, the fact that Lloyde-Ogoke may have incorrectly told Plaintiff that his animals would not present a problem during his time in North Carolina does not rise to the level of a plausible claim upon which relief may be granted. This defendant's motion to dismiss is therefore granted.

Similarly, the M&R concluded that the Complaint lacked factual content to support any claims against the Kathy J. Thomas because, if anything, Plaintiff only contended that Thomas contributed to the delay in his medical care. (Doc. No. 60 at 15). Plaintiff does not appear to make any objections to the Magistrate Judge's recommendation , and this Court adopts it for the reasons stated therein.

The Magistrate Judge further recommended that the claims against Roy Cooper be dismissed because 1) the Complaint failed to state a plausible claim that Cooper violated Plaintiff's ADA rights, 2) Cooper did not receive proper service, and 3) Cooper has immunity under the Eleventh Amendment to most, if not all, of the claims Plaintiff has asserted against him. The Plaintiff presents no objection to this portion of the M&R. Accordingly, the Court finds that the claims against Cooper should be dismissed.

The Magistrate Judge found Plaintiff's claim against Cindy Bobay – that she violated the ADA by calling him on the phone to advise him that the Hospital would not allow him to have his animals in his room post-surgery – to be "conclusory and without merit." Moreover, the Magistrate Judge noted that Title II of the ADA applies only to public entities, and not individuals such as this Defendant. Plaintiff has not objected to this conclusion, and finding it to be without error, this Court adopts the recommendation to grant Bobay's Motion to Dismiss.

6.      *Carolinas Medical Center*

8

Finally, the Magistrate Judge recommended that Plaintiff's claims against the Carolinas Medical Center (CMC) be dismissed. The Magistrate Judge reasoned that the Complaint did not allege that the CMC violated the ADA by discriminating against him because of his disability but only that the Plaintiff's animals were denied access to Plaintiff's in-patient recovery room. In at least two instances, moreover, the Complaint itself expressly provides CMC's non-discriminatory rationale for this denial (namely, a concern for the health and safety of Plaintiff as well as other hospital patients, and the risk of post-surgical infection from animals). See (Doc. No. 31 at 26, 10).

Furthermore, the definition of a "service animal" has been limited to include only "dog[s] that are trained to do work or perform tasks for the benefit of an individual with a disability . . . ." 28 C.F.R. §§ 35.104 and 36.104 (effective March 15, 2011). All other species of animals, whether wild or domestic, trained or untrained, are not service animals for the purposes of this definition; thus, even liberally construed, Plaintiff's sugar gliders do not qualify. See id. The Plaintiff objects that "the defendants must obey both Federal and State Law current at the time of incidents not the current ADA as it has been changed in such a way that many Disabled American's just had their rights stripped away from them and have now lost the protection and the freedoms they once had enjoyed . . ." (Doc. No. 63). To the extent Plaintiff seeks various forms of specific performance, injunctive, and/or declaratory relief, the current definition of service animals will apply, and Plaintiff's sugar gliders will not be considered service animals under the revised ADA regulations. To the extent Plaintiff claims that CMC's actions violated the ADA, Plaintiff has failed to state a plausible claim for relief for the reasons state by the Magistrate Judge.

**IV.     CONCLUSION**

**IT IS, THEREFORE, ORDERED that:**

1.     Plaintiff's Motion for Default Judgment (Doc. No. 51) is **DENIED**.

2.     Defendant City of Charlotte, Charlotte-Mecklenburg Police Department's Motion

       to Dismiss (Document No. 41); Defendants Charlotte-Mecklenburg Hospital

       Authority d/b/a Carolinas Medical Center and Cindy Bobay's Motion to Dismiss

       (Document No. 42); the Motion to Dismiss as to NC Department of Health and

       Human Services, M. Terry Hodges, NC Division of Vocational Rehabilitation,

       Pamela Lloyde-Ogoke, NC DOJ, Kathy J. Thomas, and Ray Cooper (Document

       No. 43) are **GRANTED**.[2]

                    Signed: August 9, 2011

                    Robert J. Conrad, Jr.
                    Chief United States District Judge

---

    [2] This Order dismisses all claims against all defendants in Plaintiff's Third Amended
Complaint as it did not assert any claims against Keith A. Smith.  This Court expresses no
opinion as to the merits of any claim the Plaintiff may have against Mr. Smith.